IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLIE EASTLAND, Inmate #A-01258,** )
)
        **Plaintiff,** )
)
**vs.** )    **Case No. 11-cv-703-JPG**
)
**RANDY DAVIS, et al.,** )
)
        **Defendants.** )
)

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

    Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Upon careful review, the Court finds that the complaint may be procedurally dismissed at this point in the litigation.

    In section "II. PREVIOUS LAWSUITS," Plaintiff lists only one case where he has been a party to a lawsuit, even though he states that he has been a party to two or more (Doc. 1, p. 3). However, review of documents filed in this Court's electronic docket and the electronic dockets of the United States District Court for the Central District of Illinois and the United States District Court for the Northern District of Illinois discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted: *Eastland v. Hornyak*, Case No. 07-cv-03085-HAB-BGC (C.D. Ill., dismissed April 19, 2007); *Eastland v. Daley, et al,* Case No. 91-cv-04403 (N.D. Ill., dismissed July 30, 1991); *Eastland v. Police*, Case No. 91-cv-07946 (N.D. Ill., dismissed December 30, 1991); *Eastland v.*

*Nelson, et al*, Case No. 92-cv-00206 (N.D. Ill., dismissed July 7, 1992); *Eastland v. Nordberg, et al*, Case No. 92-cv-03734 (N.D. Ill., dismissed June 18, 1992); and *Eastland v. Warden of Menard CC, et al*, Case No. 02-cv-00044-DRH (S.D. Ill., dismissed May 29, 2002). Not only did Plaintiff fail to disclose these six cases where he has received "strikes" for purposes of 28 U.S.C. § 1915(g), he also failed to disclose in his complaint the 12 other previously filed actions in this Court, the United States District Court for the Central District of Illinois and the United States District Court for the Northern District of Illinois.

The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). In addition, "the Plaintiff's omissions [failure to disclose prior lawsuits in his new complaint] suggest possible fraud on the court, which generally must 'lead to immediate termination of the suit.'" *Muhammad v. Walker*, Case No. 05-cv-1580 (Doc. 6, entered March 29, 2005). *See also* FED. R. CIV. P. 11; *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (a litigant who has previously received three "strikes" and fails to disclose that fact in a later-filed lawsuit may have his action immediately terminated by the court as a sanction for this misconduct). Under this authority, the Court finds that the instant action is subject to immediate dismissal.

**DISPOSITION**

**IT IS HEREBY ORDERED** that, because of Plaintiff's attempt to defraud the Court as to

his litigation history, this action is **DISMISSED** without prejudice to Plaintiff's bringing these claims in a fully pre-paid complaint.  Failure to comply with this order, or any further attempt to mislead the Court regarding his litigation history, shall result in immediate dismissal of Plaintiff's case with prejudice.  In addition, such behavior may subject Plaintiff to additional sanctions, including the imposition of a ban on filing any future actions.  *See Hoskins*, 633 F.3d at  543 (7th Cir. 2011); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

All pending motions are **DENIED** as moot.  The Clerk shall **CLOSE THIS CASE**.

    **IT IS SO ORDERED.**

    DATED:   September 7, 2011

    *s/J. Phil Gilbert*
    **United States District Judge**